**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PAUL DOZIER**<br>Plaintiff,<br><br>v.<br><br>**NUVISION FEDERAL CREDIT UNION, et al.,**<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **Case No. 1:26-cv-00227**<br><br>**Judge Matthew R. Byrne** |

---

**Order Dismissing Defendant Experian Information Solutions, Inc.**

---

This matter is before the Court on Plaintiff Paul Dozier's ("Plaintiff") Notice of Dismissal as to Defendant Experian Information Solutions, Inc. ("Defendant Experian"). (Notice of Dismissal, Doc. 32.) For the reasons set forth below, the Court construes Plaintiff's Notice of Dismissal as a Motion to Dismiss a Party under Rule 21, **GRANTS** the motion, and **ORDERS** Defendant Experian Information Solutions, Inc. to be severed from this action and **DISMISSED WITH PREJUDICE**.

Plaintiff purported to file the Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). However, "district courts in the Sixth Circuit do not permit the use of Rule 41(a) to dismiss some, but not all, of the defendants in a case." *Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 415 (S.D. Ohio 2023). The Court nevertheless considers filings "'by their substantive content and not by their labels,'" and therefore construes the Notice of Dismissal as a motion to dismiss a single party under Rule 21. *Stapleton v. Vicente*, No. 5:18-cv-504, 2019 WL 2494564, at *1 (E.D. Ky. June 14, 2019) (quoting *Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio, Aug. 1, 2011)).

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In this Circuit, "the procedural vehicle for dropping fewer than all the claims or parties is Rule 21." *Espinosa,* 343 F.R.D. at 415 (citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). When deciding a motion made under Rule 21, courts should evaluate potential prejudice to the non-moving party and consider four factors: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and(4) whether a motion for summary judgment is pending. *Stapleton,* 2019 WL 2494564, at *2 (citing *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Plaintiff's Notice of Dismissal does not explain why Defendant Experian should be dismissed from this action. (Notice of Dismissal, Doc. 32.) However, Plaintiff earlier filed a Notice of Settlement, informing the Court that it reached a settlement with Defendant Experian in this matter and that it will move to dismiss Defendant Experian with prejudice after finalizing settlement. (Notice of Settlement, Doc. 24.) Plaintiff's Notice of Dismissal therefore implies that the parties have settled. Moreover, litigation is in its early stages. Defendant Experian has not filed an answer or another responsive pleading in this action, despite being required to do so by May 12, 2026. (Waiver of Service, Doc. 12.) Therefore, the record indicates that Defendant has not expended significant effort and expense to prepare for trial. To the contrary, the parties appear to have timely settled this matter and dismissal is appropriate.

Accordingly, the Court construes Plaintiff's Notice of Dismissal as a Motion to Dismiss a Party under Rule 21, **GRANTS** the motion, and **ORDERS** Defendant Experian

Information Solutions, Inc. to be severed from this action and **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: November 20, 2026

Matthew R. Byrne
United States District Judge